FILED
2024 Apr-18 PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KIM NAUGLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 2:24-cv-00335-ACA** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

# ANSWER

Defendant The Lincoln National Life Insurance Company ("Lincoln") answers the Complaint filed by Plaintiff Kim Naugle ("Plaintiff") and states as follows:

## FOR A FIRST DEFENSE

## PARTIES

1. Regarding the allegations of Paragraph 1 of the Complaint, Lincoln admits that it issued Group Disability Income Policy No. GF3-830-510101-01 (the "LTD Policy") to Siemens Corporation ("Siemens"), which Policy, at certain times, insured benefits from the Siemens Corporation Long Term Disability Plan (the "LTD Plan"). Lincoln further admits that, at certain times, Plaintiff was a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Regarding the allegations of Paragraph 2 of the Complaint, Lincoln admits that it is a lawfully incorporated company that lawfully conducts insurance business in the State of Alabama. Lincoln further admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the LTD Policy. Lincoln specifically denies it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Regarding the allegations of Paragraph 3 of the Complaint, Lincoln admits that the Complaint purports to seek relief under the statutory provisions cited therein. Lincoln further admits that the Siemens Corporation Short Term Disability Plan (the "STD Plan"), the LTD Plan, and Plaintiff's claim for benefits from the STD Plan and LTD Plan are governed by Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)). Lincoln further admits that the Court has subject matter jurisdiction over Plaintiff's claims in this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies that venue is proper in this Court and denies all remaining allegations contained in Paragraph 3 of the Complaint.

## INTRODUCTION

4. Regarding the allegations of Paragraph 4 of the Complaint, to the extent this Paragraph contains legal conclusions, Lincoln is not required to respond. Lincoln admits that it was the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the LTD Policy that is the subject of the above-styled action, but Lincoln denies it was the plan administrator of the LTD Plan. Lincoln admits that the STD Plan was self-funded by Siemens and that, at certain times, Lincoln provided certain services pertaining to claims for STD benefits under the terms of a contract between Siemens and Lincoln. Lincoln further admits only that its decisions on Plaintiff's claim for short term disability benefits and long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the STD Plan and LTD Plan under relevant plan documents and the LTD Policy was evaluated by Lincoln and that such decisions are governed by the terms of the relevant plan documents and the LTD Policy. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## STATEMENT OF FACTS

5. Regarding the allegations of Paragraph 5 of the Complaint, Lincoln admits that it issued the LTD Policy to Siemens, which Policy, at certain times, insured benefits under the LTD Plan. Lincoln admits that the STD Plan was self-

funded by Siemens and that, at certain times, Lincoln provided certain services pertaining to claims for STD benefits under the terms of a contract between Siemens and Lincoln. Lincoln further admits that, at certain times, Plaintiff was employed by Siemens and a participant in the STD Plan and the LTD Plan. Lincoln further admits Siemens is the sponsor of the STD Plan and the LTD Plan. To the extent that this Paragraph seeks to interpret either the LTD Policy or other documents relevant to the STD Plan and the LTD Plan, Lincoln refers to the LTD Policy and the documents themselves as the best evidence of their contents. Lincoln admits that it was the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the LTD Policy that is the subject of the above-styled action, but Lincoln denies it was the plan administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Regarding the allegations of Paragraph 6 of the Complaint, Lincoln admits that, at certain times, Plaintiff was employed by Siemens and a participant in the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Regarding the allegations of Paragraph 7 of the Complaint, Lincoln admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln

refers to the administrative record itself as the best evidence of its contents. Lincoln further admits Plaintiff was, at certain times, employed by Siemens and her last day of work for Siemens was on or about December 23, 2020. Lincoln further admits the LTD Policy contains language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the LTD Policy, and Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln further admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Regarding the allegations of Paragraph 8 of the Complaint, Lincoln admits Plaintiff was, at certain times, employed as a Project Coordinator for Siemens. Lincoln admits that certain documents concerning Plaintiff's job description and own occupation at Siemens are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Regarding the allegations of Paragraph 9 of the Complaint, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Regarding the allegations of Paragraph 10 of the Complaint, Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Regarding the allegations of Paragraph 11 of the Complaint, Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Regarding the allegations of Paragraph 12 of the Complaint, Lincoln denies these allegations. To the extent that the allegations contained in Paragraph 12 of the Complaint were meant to refer to STD benefits, and that "LTD benefits" was a typographical error in this Paragraph, Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Regarding the allegations of Paragraph 13 of the Complaint, Lincoln denies these allegations. To the extent that the allegations contained in Paragraph 13 of the Complaint were meant to refer to STD benefits, and that "LTD benefits" was a typographical error in this Paragraph, Lincoln admits that it sent a letter dated June 3, 2021, to Plaintiff pertaining to her claim for STD benefits, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Regarding the allegations of Paragraph 14 of the Complaint, Lincoln admits the STD Plan documents contain language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the STD Plan, and Lincoln refers to the STD Plan documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Regarding the allegations of Paragraph 15 of the Complaint, Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln further admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Regarding the allegations of Paragraph 16 of the Complaint, Lincoln admits that it sent a letter dated June 3, 2021, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Regarding the allegations of Paragraph 17 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Regarding the allegations of Paragraph 18 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its

contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Regarding the allegations of Paragraph 19 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Regarding the allegations of Paragraph 20 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Regarding the allegations of Paragraph 21 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for short term disability benefits were based on the administrative record upon which

Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln and that such decisions are governed by the terms of the relevant plan documents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Regarding the allegations of Paragraph 22 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated October 21, 2021, along with additional documentation, appealing the denial of further benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Regarding the allegations of Paragraph 23 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Regarding the allegations of Paragraph 24 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Regarding the allegations of Paragraph 25 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Regarding the allegations of Paragraph 26 of the Complaint, Lincoln admits that it received an appeal of the denial of further benefits from the STD Plan, along with additional documentation, and Lincoln refers to the administrative record for the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Regarding the allegations of Paragraph 27 of the Complaint, Lincoln admits that it received an appeal of the denial of further benefits from the STD Plan, along with additional documentation, and Lincoln refers to the administrative record for the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Regarding the allegations of Paragraph 28 of the Complaint, Lincoln admits that it sent a letter dated November 11, 2021, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon

which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Regarding the allegations of Paragraph 29 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Regarding the allegations of Paragraph 30 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Regarding the allegations of Paragraph 31 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its

contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Regarding the allegations of Paragraph 32 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Regarding the allegations of Paragraph 33 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated December 1, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Regarding the allegations of Paragraph 34 of the Complaint, Lincoln admits that it received an appeal of the denial of further benefits from the STD Plan. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that it sent a letter dated December 10, 2021, to Plaintiff's counsel, and Lincoln refers

to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Regarding the allegations of Paragraph 35 of the Complaint, Lincoln admits that it sent a letter dated December 10, 2021, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Regarding the allegations of Paragraph 36 of the Complaint, Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Regarding the allegations of Paragraph 37 of the Complaint, Lincoln admits that it sent a letter dated March 9, 2022, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Regarding the allegations of Paragraph 38 of the Complaint, Lincoln admits the LTD Policy contains language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the LTD

Policy, and Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Regarding the allegations of Paragraph 39 of the Complaint, Lincoln admits that it sent a letter dated March 9, 2022, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Regarding the allegations of Paragraph 40 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Regarding the allegations of Paragraph 41 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was

evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Regarding the allegations of Paragraph 42 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Regarding the allegations of Paragraph 43 of the Complaint, Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Regarding the allegations of Paragraph 44 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated September 2, 2022, along with additional documentation, appealing the denial of benefits from the

LTD Plan under the LTD Policy. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Regarding the allegations of Paragraph 45 of the Complaint, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Regarding the allegations of Paragraph 46 of the Complaint, Lincoln admits that it received an appeal of the denial of benefits from the LTD Plan under the LTD Policy. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that it sent a letter dated November 11, 2022, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Regarding the allegations of Paragraph 47 of the Complaint, Lincoln admits that it sent a letter dated November 11, 2022, to Plaintiff's counsel, and

Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Regarding the allegations of Paragraph 48 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Regarding the allegations of Paragraph 49 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Regarding the allegations of Paragraph 50 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon

which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Regarding the allegations of Paragraph 51 of the Complaint, Lincoln admits that it sent a letter dated October 3, 2022, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Regarding the allegations of Paragraph 52 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated October 24, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Regarding the allegations of Paragraph 53 of the Complaint, Lincoln admits that it sent a letter dated November 11, 2022, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which

Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Regarding the allegations of Paragraph 54 of the Complaint, Lincoln denies these allegations.

55. Regarding the allegations of Paragraph 55 of the Complaint, Lincoln denies these allegations.

56. Regarding the allegations of Paragraph 56 of the Complaint, Lincoln admits only that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the LTD Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Regarding the allegations of Paragraph 57 of the Complaint, Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits

were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln and that such decisions are governed by the terms of the LTD Policy. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Regarding the allegations of Paragraph 58 of the Complaint, to the extent this Paragraph contains legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Regarding the allegations of Paragraph 59 of the Complaint, to the extent this Paragraph contains legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Regarding the allegations of Paragraph 60 of the Complaint, Lincoln denies these allegations.

61. Regarding the allegations of Paragraph 61 of the Complaint, Lincoln admits only that it was, at certain times, the claims administrator and insurer for benefits from the LTD Plan under the LTD Policy that is the subject of the above-styled action and that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln and

that such decisions are governed by the terms of the LTD Policy. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Regarding the allegations of Paragraph 62 of the Complaint, Lincoln denies these allegations.

63. Regarding the allegations of Paragraph 63 of the Complaint, Lincoln denies these allegations.

64. Regarding the allegations of Paragraph 64 and 64 a-t of the Complaint, Lincoln denies these allegations.

65. Regarding the allegations of Paragraph 65 of the Complaint, no response is required, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

## COUNT ONE
## ERISA (Claim for Benefits Owed Under Plan)

66. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 65 of the Complaint as though fully set forth in response to Paragraph 66 of the Complaint.

67. Regarding the allegations of Paragraph 67 of the Complaint, Lincoln admits that Plaintiff was, at certain times, a participant in the STD Plan and the LTD Plan and, at certain times, received benefits from the STD Plan that was self-

insured by Siemens and from the LTD Plan under the LTD Policy. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Regarding the allegations of Paragraph 68 of the Complaint, Lincoln denies these allegations. Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever. No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

Unless specifically admitted herein, Lincoln denies each and every allegation of the Complaint.

## FOR A SECOND DEFENSE

69. To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to disability benefits allegedly due under the STD Plan and the LTD Plan and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

## FOR A THIRD DEFENSE

70. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

## FOR A FOURTH DEFENSE

71. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands,

and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

**FOR A FIFTH DEFENSE**

72. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the documents governing the STD Plan and the LTD plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

**FOR A SIXTH DEFENSE**

73. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**FOR A SEVENTH DEFENSE**

74. Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**FOR AN EIGHTH DEFENSE**

75. Plaintiff's claim against Lincoln is barred to the extent that Plaintiff failed to file this action within the applicable legal and/or contractual statute of limitations period.

**FOR A NINTH DEFENSE**

76. Lincoln is not an entity from which Plaintiff may recovery benefits from the STD Plan, as Lincoln was neither the payor or insurer of benefits from the STD Plan, and the STD Plan was self-insured by Siemens.

**FOR A TENTH DEFENSE**

77. Lincoln reserves the right to assert additional defenses.

WHEREFORE, Lincoln prays that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

s/ *Matthew W. Robinett*
**MATTHEW W. ROBINETT**
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000

1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

AND

**IWANA RADEMAEKERS**
(*Pro Hac Vice Motion Pending*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of April 2024, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Peter H. Burke (ASB-1992-K74P)
Email: phburke@crlegalteam.com

*/s/ Matthew W. Robinett*
Matthew W. Robinett