FILED
2024 Jul-03 PM 12:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KIM NAUGLE,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | |
| | ] | **2:24-cv-335-ACA** |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY, THE,** | ] | |
| | ] | |
| **Defendant.** | ] | |

# AMENDED ERISA SCHEDULING ORDER

The court has before it the report of the parties' planning meeting under Federal Rule of Civil Procedure 26(f). Based on the court's determination that such procedure is appropriate in this case, this case is set for final submission without oral argument. Cross-motions are due **on or before December 9, 2024**. Responses to the cross-motions are due **on or before December 23, 2024**. Any objection to this determination may be made by filing a motion for trial no later than **October 23, 2024**.

## I. Deadlines

### A. Deadlines to Amend Pleadings

Plaintiff may amend pleadings and/or join additional parties, in accordance

with Federal Rule of Civil Procedure 15, until **September 6, 2024**. Defendant may amend pleadings and/or join additional parties, in accordance with Rule 15, until **September 23, 2024.**

**B. Discovery**

If either party wishes to conduct discovery beyond the administrative record, that party shall file a motion requesting same on or before **August 7, 2024**, citing appropriate authority as to why discovery should be allowed in this particular case and setting forth with specificity the discovery sought; any response should be filed by seven days thereafter. Failure to set forth the requested discovery with specificity OR to cite appropriate authority will result in the summary denial of the motion.

**C. Record**

By **October 8, 2024**, the parties are jointly to develop and electronically file with the court the Administrative Record and any other evidence including deposition excerpts, stipulations, affidavits,[1] etc. ("the Record") on which they intend the court to rely. Electronic filing should comply with court rules and file size restrictions as described in the Civil Administrative Procedures Manual for

[1] See Civil Administrative Procedures Manual for CM/ECF, Part II.C, with regard to electronically filing affidavits or other documents requiring an original signature.

CM/ECF, which can be found in the CM/ECF Info tab at www.alnd.uscourts.gov, the court's webpage. If the Record exceeds 15 pages, the parties shall also jointly submit an exact courtesy copy of the Record reflecting CM/ECF case number, document number, date, and page stamp on each page within three business days of electronic filing. The courtesy copy should begin with a table of contents and include tabs corresponding to each document listed on the table of contents. And the courtesy copy should be securely bound to prevent the inadvertent loss of pages. Ideally, it should be double sided to conserve paper.

The parties shall comply with all privacy provisions described in the Civil Administrative Procedures Manual for CM/ECF and redact personal information from the filed documents.

**D. Joint Status Report**

Counsel shall file with the court a joint status report on **November 13, 2024**. The status report should include enough information to allow the court to understand the nature of the case, its current status, including any pending motions, and any current or anticipated problems in preparing the case for disposition. Specifically, the court should be advised of the pertinent issues and the parties' positions as to those issues. The status report should not be used to argue the party's case, or to present all possible legal theories. Instead, the report should

apprise the court of the case and current issues affecting preparation.

As part of the status report, parties should consider the prospects for settlement of this matter and shall report their efforts to do so. In addition, parties shall notify the court whether they are agreeable to submitting this case to mediation conducted by a mediator from the panel of neutrals.

## II. Nondispositive Motions

Responses to all nondispositive motions are due within **five days** of receiving notice of the motion. Failure to respond within five days will result in the court granting the motion.

Parties must seek leave of the court before filing a motion about a discovery dispute. The motion for leave of the court must specify the nature of the discovery dispute and the steps the parties have taken to resolve that dispute. The motion need only include the facts relevant to the dispute. Legal argument and/or legal citations are not necessary.

Discovery disputes will occasionally be referred to a magistrate judge for handling. Because decisions concerning discovery rest largely within the discretion of the judge, objections to a magistrate's ruling on a discovery matter should rarely be made and will rarely be granted absent a clear showing that the decision was clearly erroneous or contrary to law. *See* 28 USC § 636.

## III. Briefs

ALL briefs must comply with the following requirements, unless the court grants specific permission to deviate or the court has otherwise ordered specific deviations.

### A. Format

Initial and response briefs are limited to thirty-five pages. Reply briefs are limited to ten pages. Briefs that exceed twenty pages must include a table of contents that accurately reflects the organization of the document. The table of contents is not included in the page limit. The text of briefs must be double-spaced (except for quotations exceeding fifty words, which may be block indented from the left and right margins and single spaced) using fourteen point typeface, preferably Times New Roman.

### B. Binding

The Clerk will not accept bound materials for filing, but the parties must securely bind the court's "courtesy copy" of the brief in a three-ring binder or large clip for ease of use and to prevent inadvertent loss of pages. In addition, all pages submitted in the court's "courtesy copy" shall be three-hole punched. Courtesy copies of briefs in Word format should be emailed to chamber's email at axon_chambers@alnd.uscourts.gov and must be identical to the filed version.

### C. Manner of Stating Facts

All briefs submitted either in support of or opposition to the final submission must begin with a statement of allegedly undisputed relevant material facts set out in separately numbered paragraphs. Counsel must state facts in clear, unambiguous, simple, declarative sentences. Each statement of fact must be supported by specific reference to the CM/ECF document and page number of the evidentiary submissions. When the parties refer to evidence in their briefs, they must cite to the CM/ECF document and page numbers where the evidence can be found.

The court may strike any brief that fails to comply with these requirements.

**DONE** and **ORDERED** this July 3, 2024.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE